LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
SKY BILLIARDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WOLVOL, INC., a New York corporation, and VOLVIE BROWN, an individual and citizen of the state of New York, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT (Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202)**<br><br>**(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act §43(a));**<br><br>**(3) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200).**<br><br>**(4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**(5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SKY BILLIARDS, INC. ("Sky") by and for its Complaint for a Declaratory Judgment and Damages, hereby alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

### INTRODUCTION

1.      This is an action in law and equity for, *inter alia*, a Declaratory Judgment of Non-Infringement, federal and state Unfair Competition, and both Intentional and Negligent Interference of Prospective Economic Advantage.

2.      Plaintiff Sky is in the business of importing a wide variety of goods into the United States and selling such goods throughout the United States via various Internet websites such as Amazon.com under its federally registered trademark BEST CHOICE PRODUCTS, United States federal trademark registration no. 4346291.

3.      Sky takes great care in selecting and importing only goods that meet Sky's high standards of craftsmanship and quality and Sky invests time, money, and effort into its distribution infrastructure and customer service such that consumers have grown to trust the trademark BEST CHOICE PRODUCTS and associate it with an efficient, satisfying, and high quality purchasing experience.

4.      Recently, VOLVIE BROWN ("Volvie Brown") and her company WOLVOL, INC. ("WolVol" together "Defendants") contacted Amazon.com and alleged that thirty-two (32) different products that Sky was selling on Amazon.com violated Defendants' intellectual property rights causing Amazon.com to remove each allegedly infringing product listing pending a resolution of the allegation.

5.      Immediately upon learning that Sky's product listings were removed by Amazon.com, Sky reviewed each allegedly infringing product listing and confirmed that each product listing was a non-patented product that both Sky and Defendants purchased from a factory in China (likely the same factory) and imported to sell on Amazon.com.

6.     Sky also confirmed that each one of Sky's allegedly infringing product listings featured Sky's own original photography and Sky's own federally registered trademark, BEST CHOICE PRODUCTS.

7.     Sky further confirmed that each one of Sky's allegedly infringing product listings *did not* feature Defendants' trademark, WOLVOL.

8.     Sky immediately attempted to contact Defendants via email and telephone to discuss the bases for Defendants' allegations but was initially unsuccessful as no response was received by email, and while someone answered the telephone, the connection was lost after Sky's counsel introduced himself.

9.     Sky then drafted a letter to Defendants explaining that Sky respects the intellectual property of others and, as such, would like to thoroughly investigate the merits of Defendants' allegations.

10.    Subsequently, Defendants responded via email explaining that the bases of their allegations were: 1) the similarity of the descriptive product titles, 2) the similarity of the bullet pointed factual product descriptions, and 3) the fact that Sky's original photography featured similar products from similar angles.

11.    Defendants further explained that they would prefer that Sky choose to import a different line of products rather than competing with Defendants.

12.    Through counsel, Sky sent a second letter explaining that neither copyright nor trademark protects: 1) descriptive product titles, 2) bullet pointed factual product descriptions, or 3) original photography of similar products from similar angles, and that none of the products were patented so Sky's product listings were not in violation of any valid and enforceable intellectual property right.

13.    Defendants replied by email refusing to retract their false allegations and essentially denying any culpability for their false accusations by reasoning that it was Amazon.com that removed Sky's product listings and not the actions rather than Defendants.

14. At this point in time, Defendants are well aware that their false allegations of infringement have caused Amazon.com to remove Sky's product listings which, in turn, caused Sky to lose sales and revenue.

15. Defendants' are also well aware that their ongoing refusal to rescind their false allegations is causing Sky ongoing economic harm.

16. Defendants' unscrupulous actions are intentional with full knowledge of the harm that they are causing Sky.

17. Even if Defendants' actions were initially honest but genuinely misguided or misinformed, at this point in time Defendants' actions are now intentionally unlawful and unscrupulous because they now have been informed and have full knowledge that their allegations are untrue and that until and unless they rescind their false allegations, such allegations are causing Sky to suffer ongoing economic harm.

18. Sky is informed and believes, and based thereon alleges, that Defendants' false allegations are causing Sky real tangible economic harm that will not end unless this Court adjudicates the issue of whether Sky's product listings infringe any valid and enforceable intellectual property owned by Defendants.

**THE PARTIES**

19. SKY BILLIARDS, INC. is a corporation formed under the laws of the state of California that maintains a principle place of business at 5642 E. Ontario Mills Pkwy, Ontario, CA 91764.

20. Upon information and belief, WOLVOL, INC. is a corporation formed under the laws of the state of New York that maintains a principal place of business at 1318 57 Street, Brooklyn, New York 11204.

21. Upon information and belief, VOLVIE BROWN is an individual and resident of the state of New York and the owner of WOLVOL, INC. who maintains a residence at 1318 57 Street, Brooklyn, New York 11204.

22.    The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to Sky, who therefore sues said defendants by fictitious names.  Sky is informed and believes, and on such information and belief, alleges that each of the Defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred to herein.  When the true names, identities and capacities of such fictitiously designated defendants are ascertained, Sky will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

## JURIDISCTION AND VENUE

23.    This is an action in law and equity for, *inter alia*, a Declaratory Judgment of Non-Infringement, federal and state Unfair Competition, and both Intentional and Negligent Interference of Prospective Economic Advantage of Defendant WolVol and its owner Defendant Volvie Brown in connection with Defendants' false allegations of infringement knowingly directed at a resident of the state of California.

24.    This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1332, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

25.    This Court has personal jurisdiction over Defendant WolVol and Defendant Volvie Brown because, *inter alia,* both defendants conduct business within the state of California and within the Central District and have knowingly caused harm directed at a Plaintiff who resides in the state of California and within the Central District.

26.    This Court also has subject matter jurisdiction over this civil action because the amount in controversy exceeds $75,000 and there is complete diversity

of citizenship between the Plaintiff Sky, a resident of the state of California, and Defendants WolVol and Volvie Brown, both residents of the state of New York.

27.     This Court has jurisdiction over this civil matter because it involves a federal question.

28.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b), (c).

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGMENT
### (Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202)

29.     Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Defendants contacted Amazon.com and alleged that several of Sky's product listings on Amazon.com infringed Defendants intellectual property.

31.     As a direct result of the allegations made by Defendants, Amazon.com removed thirty-two (32) of Sky's product listings from its Internet website.

32.     The removal of thirty-two (32) of Sky's product listings from Amazon.com has caused and is continuing to cause financial harm to Sky.

33.     The removal of thirty-two (32) of Sky's product listings from Amazon.com has caused and is continuing to cause unfair financial advantage to be unfairly gained by Defendants.

34.     Defendants do not own any valid and enforceable patent rights that are relevant to any of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendants' false allegations.

35.     Defendants do not own any valid and enforceable trademark rights that were infringed by any one of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendants' false allegations.

36.     Defendants do not own any valid and enforceable copyright rights that were infringed by any one of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendants false allegations.

37.     Defendants do not own any valid and enforceable states of other intellectual property rights that were infringed by any one of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendants' false allegations.

38.     Defendants have refused to rescind their allegations of infringement creating on-going economic harm to Sky.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a); Lanham Act §43(a))

39.     Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 38 if fully set forth herein.

40.     Defendants made false allegations of infringement of Defendants' intellectual property to Amazon.com that caused Amazon.com to remove several of Sky's product listing causing Sky economic harm.

41.     Defendants act of reporting false allegations of infringement of Defendants' intellectual property were made knowingly and intentionally

42.     Defendants' refusal to rescind such false allegations is causing on-going economic harm to Sky.

43.     Absent the existence of any valid and enforceable intellectual property, making allegations of infringement of intellectual property

44.     The false representations of infringement made by Defendant to Amazon.com are untrue and fraudulent and are therefore causing Defendants to gain an unfair economic advantage by eliminating their competition on the Internet website Amazon.com.

COMPLAINT FOR DAMAGES – Page 7

45.     Defendants made such untrue allegations of infringement to Amazon.com with full knowledge of the economic harm it would cause Sky.

46.     Behaviors such as making false allegations to gain an economic advantage are below the acceptable standard of business ethics.

## COUNT III
## CALIFORNIA UNFAIR COMPETITION
### Cal. Bus. & Prof. Code §17200

47.     Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48.     Defendants knowingly made false statements to Amazon.com accusing Sky of infringing on Defendants' intellectual property.

49.     Such false statements resulted in Amzon.com removing at least thirty-two (32) of Sky's product listings on Amazon.com pending a resolution of the dispute between the Parties.

50.     Defendants do not own any valid and enforceable intellectual property that is relevant to any of Sky's product postings on Amazon.com.

51.     Defendants refused to rescind their false allegations of infringement even after failing to identify any valid and enforceable intellectual property relevant to Sky's products listings that were formerly posted on Amazon.com.

52.     Sky and Defendants are direct competitors for the purposes of the products against which Defendants made false allegations.

53.     Defendants are enjoying an unfair economic advantage as a result of making false allegations of infringement against Sky because Sky's products are no longer listed for sale leaving potential consumers with fewer options giving Defendants an unfair economic advantage.

54.     Sky has been and is continuing to be harmed by Defendants' false allegations of infringement.

55.     The unlawful conduct of Defendants, as alleged above, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

## COUNT III
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

56.     Sky repeats and incorporates  by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.     Sky and Amazon.com were in an economic relationship that probably would have resulted in an economic benefit to Sky, specifically, consumers would have purchased Sky products that were listed on Amazon.com Internet website.

58.     Defendants were fully aware that Sky and Amazon.com were in an economic relationship.

59.     Defendants disrupted the economic relationship between Sky and Amazon.com by making false allegations to Amazon.com accusing Sky of infringing on Defendants' intellectual property even though Defendants own no valid and enforceable intellectual property relevant to Sky's product listings at issue.

60.     As a result of this wrongful misrepresentation the economic relationship between Sky and Amazon.com was harmed because Amazon.com took down several of Sky's product listings.

61.     Defendants continued to disrupt the economic relationship between Sky and Amazon.com when Defendants refused to rescind their false allegations of infringement.

62.     Sky has been harmed and is continuing to be harmed by Defendants' wrongful misrepresentations.

63.     Defendants' wrongful misrepresentations and refusal to rescind their wrongful misrepresentations is a substantial factor if not the only factor causing economic harm that Sky is petitioning the Court to address.

## COUNT IV
## NEGLIGENT INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

64.     Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65.     Plaintiff Sky and Amazon.com were in an economic relationship that probably would have resulted in a future economic benefit to Sky, specifically, consumers would see Sky's product listings on the Internet website Amazon.com and purchase the products leading to an economic gain for Sky.

66.     Defendants knew of the economic relationship between Sky and Amazon.com

67.     Defendants should have known that this economic relationship would be disrupted if Defendants failed to act with reasonable care.

68.     Defendants failed to act with reasonable care when they wrongfully and falsely communicated to Amazon.com that Sky had infringed their intellectual property.

69.   Such communication of false accusations of infringement is below the minimum bar of ethical business behavior, and, as such, is a violation of federal and state Unfair Business statutes.

70.     As a direct result of Defendants wrongful conduct, Amazon.com took down the product listings that were the target of Defendants' accusations and therefore, the economic relationship between Sky and Amazon.com was disrupted.

71.     The disruption that resulted from Defendants' wrongful conduct harmed Sky economically in that it shut down Sky's ability to sell the products at issue on Amazon.com.

72. Defendants' wrongful behavior, specifically making false accusations of infringement to Amazon.com, was a substantial factor, if not the only factor that caused Sky economic harm.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Sky respectfully requests the following relief:

A. Declaratory Judgment, stating that Sky's product listings that Defendants made accusations against do not infringe any valid and enforceable intellectual property owned by Defendants;

B. An accounting for all profits acquired by Defendants through sales of similar goods during the time period in which Sky's product listings were inactive;

C. An award of $250,000 for damages for lost sales and damage to Sky's marketing momentum;

D. An award of treble damages or other enhanced monetary remedies;

E. An award of attorneys' fees and cost to Sky; and

F. Any such further relief as the Court may deem just and appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated: October 23, 2015

By: _____

Kevin M. Welch, Esq. (SBN 254565)

LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email:Kevin@kmwlawoffice.com
Attorney for Plaintiff,
Sky Billiards, Inc.