1  Benjamin Taylor (SBN: 240636)
   btaylor@taylorlawfirmpc.com
2  THE LAW OFFICES OF BENJAMIN TAYLOR
   A Professional Corporation
3  1901 Avenue of the Stars; Suite 1020
   Los Angeles, CA 90067
4  Telephone:     (310) 201 – 7600
   Facsimile:     (310) 201 – 7601
5
   Michael Steinmetz (*pro hac vice* application pending)
6  ms@gs2law.com
   GARSON, SEGAL, STEINMETZ, FLADGATE LLP
7  164 West 25th Street; Suite 11R
   New York, NY 10001
8  Telephone:     (212) 380 – 3623
   Facsimile:     (347) 537 – 4540
9
   *Attorneys for Defendants*
10 VOLVIE BROWN & WOLVOL, INC.

11            UNITED STATES DISTRICT COURT FOR
             THE CENTRAL DISTRICT OF CALIFORNIA
12
   SKY  BILLIARDS,  INC.,  a  California        Case No.: 5:15-cv-02182-RGK(KKx)
13 Corporation
                                                DEFENDANT WOLVOL'S MOTION TO
14              Plaintiff,                       DISMISS   THE   COMPLAINT   FOR
                                                FAILURE TO STATE A CLAIM
15
                    v.                          JUDGE:  Hon. R. Gary Klausner
16                                              DATE:   February 22, 2016
   WOLVOL,  INC.,  a  New  York  Corp.,         TIME:   9:00 a.m.
17 VOLVIE  BROWN,  an  individual  and          CTRM:   850
   citizen of the state of NEW YORK, and
18 DOES 1 through 10, inclusive;

19              Defendants.

20

21

22

23

24

25

26

27

28
                                    1

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................... 2

II. ARGUMENT ...................................................................... 4

   **A.** WOLVOL's MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) SHOULD BE GRANTED BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED ................................................................................4

   **1.** Plaintiff Failed To Plead Any Unfair Competition Claim Under The Lanham Act That Is Plausible On Its Face ...............................................................................5

   **a.** Of The Two Types Of Unfair Competition Claims, Plaintiff Seems To Allege That WolVol Engaged In False Advertising ..............................................................5

   **b.** False Advertising Claims Must Meet The Heightened Pleading Requirements of Rule 9(b) ..................................................................................................7

   **c.** Plaintiff Completely Fails To Plead Any False Statement Of Fact By WolVol or Brown In A Commercial Advertisement Or Promotion .......................................9

   **2.** Plaintiff Cannot Claim Relief Under California's Unfair Competition Statute ..................................................................................................11

   **a.** Plaintiff Fails To Plead Allegations Sufficient To Warrant Restitution From Defendants . 12

   **b.** Plaintiff Fails To Plead Allegations Sufficient To Warrant Injunctive Relief Or Receivership, And In Any Event, Failed To Request Such Relief At All .......................... 14

   **c.** Plaintiff Cannot Prove Any Act Of Unfair Competition By WolVol Or WolVol For Which Plaintiff May Obtain Relief .......................................................... 15

   **3.** Plaintiff's Claim For Interference With Prospective Economic Advantage Fails To State A Cause Of Action ....................................................................... 16

   **4.** Plaintiff Cannot State A Claim For Negligent Interference With Prospective Economic Advantage Because, As A Matter Of Law, WolVol Owes No Duty Of Care To Plaintiff ............. 17

III.   THE MOTION TO DISMISS SHOULD BE GRANTED
       WITHOUT LEAVE TO AMEND, AS ANY AMENDMENT TO
       THE COMPLAINT WOULD NECESSARILY BE FUTILE AND
       FOLLOW UNDUE DELAY ........................................................... 18

IV. CONCLUSION ................................................................................. 19

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                           <u>Page(s)</u>

Acculmage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 948-49
(N.D. Cal. 2003)...................................................................................................................8

Alvarez v. Chevron Corp., 656 F.3d 925, 935 (9th Cir. 2011) ...........................................18

AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) ......18

Architectural Mailboxes, LLC v. Epoch Design, LLC, No. 10-cv-974 DMS (CAB), 2011 WL
1630809, *5 (S.D. Cal. 2011) ...........................................................................................7

Balistreri v. Pacifica Police Dept, 901 F.2d 696, 699 (9th Cir. 1988))...............................5

Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)............................................8

Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1061 (9th Cir. 2011) ...............18

Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999)...................12

Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 735 (9th Cir. 1999).......10

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) .....................................................................5

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 245-46 (9th Cir.
1990)....................................................................................................................................9

Cortez v. Purolator Air Filtration Prods. Co, 23 Cal. 4th 163, 172 (2000)......................11

Decker v. GlenFed, Inc., 42 F.3d 1541, 1549 (9th Cir. 1994) ............................................8

Della Penna v. Toyota Motor Sales, U.S.A., Inc, 11 Cal. 4th 376, 392-393 (1995).......................16

Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ....................................................15

Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).................................5

EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp, 2d 1074, 1085 (C.D. Cal.
2010)....................................................................................................................................7

Gordon v. Impulse Marketing Group, Inc., 375 F. Supp. 2d 1040, 1047-48 (E.D. Wash. 2005) 7

Hanna v. Plumer, 380 U.S. 460, 471-72, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965) ...............7

Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir. 1968)..................................5

Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990)..............................9

Jurin v. Google, Inc., 768 F. Supp. 2d 1064, 1070 (E.D. Cal. 2011)..............................6, 10

Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009)..................................8

Kilopass Tech. Inc. v. Sidense Corp., No. C 10-02066 SI, 2010 WL 5141843, *7 (N.D. Cal.
2010)....................................................................................................................................7

Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153-1154

(2003) ........................................................................................................... 16

Kraus v. Trinity Mgmt. Svcs. Inc., 23 Cal 4th 116, 128 (2000) .................................. 11

Leatherman Tool Group, Inc. v. Coast Cutlery Co., 823 F. Supp. 2d 1150, 1154-56 (D. Ore. 2011) .......................................................................................................................... 6

Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) .................................................. 18

Madrid v. Perot Systems Corp., 130 Cal. App. 4th 440, 463-64 (2005) ........................ 14

MAI Sys. Corp. v. UIPS, 856 F. Supp. 538, 541-42 (N.D. Cal. 1994) .......................... 12

Meta-Film Assoc., Inc. v. MCA, Inc., 586 F. Supp. 1346, 1363 (C.D. Cal. 1984) ............ 12

Mintel Learning Tech., Inc. v. Beijing Kaidi Educ, 2007 WL 2288329 at *8-9 (N.D. Cal. 2007) 8

Newcal Industs., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1052 (9th Cir. 2008) ................................................................................................... 9, 10

NL Industries, Inc. v. Kaplan, 792 F.2d 896 (9th Cir. 1986) ........................................ 5

Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1980) .......... 16

Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F,3d 436, 442 (7th Cir. 2011) ............................................................................................................ 7, 9

Pom Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp. 2d 1112, 1123-24 (CD. Cal. 2009) ......................................................................................................................... 8

Pom Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170 (9th Cir. 2012) ........................ 8

Prudential Home Mortgage Co., Inc. v. Super Ct., 66 Cal. App. 4th 1236, 1249-1250 (1998) .. 14

Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) ............................................................................................................... 9

Sierra Not. In. Holdings, Inc. v. Amis Finance, S.A., 2001 WL 1343855, *17 (2001) ............................................................................................................................ 17

Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997) ............. 6

Stolz v. Wong Comms. Ltd. Partnership, 25 Cal. App. 4th 1811, 1825 (1994). ............. 17

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-03 (9th Cir. 2003) .................. 7, 8, 9

VIP Prods., LLC v. Kong Co. LLC, No. CV10-0998-PHX-DGC, 2011 WL 98992, *4-5 (D. Ariz. 2011) ......................................................................................................................... 9

Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1108 (9th Cir. 1992) .................................... 6

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) .......................... 5

Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987) ...................... 9

# **Statutes, Rules, Regulations & Texts**

Page(s)

15 U.S.C. § 1125(a) ...................................................................................................5, 6

40 Cal. Jur. 3d, Interference with Economic Advantage, §8 (2010)................................ 17

California Bus. & Prof. Code §17200 ..........................................................8, 12, 14

California Bus. & Prof. Code §17203 ....................................................11, 12, 13, 14

California Bus. & Prof. Code §17204 ..............................................................12, 13

California Rules of Court Rule 2.112(4) ...............................................................4

Fed. R. Civ. P. 9(b) ........................................................................................8, 9

Fed. R. Civ. P. 12(b)(6) ....................................................................................4

Fed. R. Civ. P. 12(f) .......................................................................................11

### STATEMENT OF RELIEF SOUGHT

Upon this Memorandum of Points and Authorities and the Declaration served herewith, Defendant WOLVOL, INC. ("WolVol" or "Defendant") seeks an order from this Court dismissing Plaintiff SKY BILLIARDS, INC. ("Sky" or "Plaintiff") complaint in its entirety, and all corresponding prayers for relief, for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff initiated this action on October 26, 2015 with the filing of its complaint (the "Complaint") in this judicial district.  In its Complaint, Plaintiff alleges unfair competition, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage, amongst others.  As a matter of law, Plaintiff's Complaint is so fatally inadequate and so plagued with facial deficiencies that it cannot withstand even the most rudimentary degree of scrutiny.

At no point throughout the entirety of its threadbare Complaint does Plaintiff remotely articulate the manner in which the underlying facts to this action lend themselves *in any way* to the aforementioned causes of action, the relief Plaintiff seeks, or *any* cognizable legal theory.  Instead, in filing the Complaint, Plaintiff has endeavored only to squander precious judicial resources by requesting that this Court require certain third parties to pay for the privation of imagination and business acumen inherent to Plaintiff's enterprises.

Plaintiff is known as what can be termed an "Amazon Bully", having filed at least seven dubious lawsuits in the last two years against companies it claims to be violating its intellectual property rights on the website Amazon.com. This lawsuit is

unique in that Plaintiff sought to create wholesale copies of marketing created by Wolvol, refused to change the copies, and is now simply bullying Wolvol to reject Amazon.com's determination that its user agreement does not allow for such conduct.

Succinctly stated, the five-claim Complaint in this action is based on a single set of alleged facts; namely that WolVol and WolVol agent Brown are, in some illusory capacity, liable to Plaintiff for duly exercising WolVol's rights under the terms and conditions of the user agreement validly existing between WolVol and online retailer and service provider, Amazon, Inc. ("Amazon") after Plaintiff.

In or about September of 2015, WolVol became aware that Plaintiff had created what, in totality, amount to facsimiles of 32 of its product listing on Amazon's website. (Decl. ¶ 15.) Far from the type of mere happenstance similarity one might readily dismiss as resulting from the comparable nature of the products being offered, Plaintiff's listings utilized the *same exact* words and text in their titles and bullet-pointed-descriptions, and even went so far as replicating the images associated therewith; but altering the respective brands' names. (Decl., ¶ 15.) After discovering these facts, WolVol made Amazon aware of the matter via email and requested Amazon intervene, as was and is permitted under the terms and conditions of the agreement between WolVol and Amazon. (Decl., ¶¶ 16-20.)

Upon reviewing WolVol's statements and juxtaposing WolVol's listings with those of the Plaintiff, Amazon, *in its sole discretion*, decided to remove Plaintiff's listings from its website. (Decl., ¶ 21.) It is undisputed that Amazon's course of conduct is permitted under the terms and conditions of Plaintiff's agreement with Amazon. (Decl., ¶ 22.) This fact is best evidenced by Plaintiff's decision not to name Amazon a party to the instant action.  Consequently, Plaintiff's Complaint appears predicated entirely upon the preposterous notion that it possesses a cause of action against WolVol and Mr. Brown simply because WolVol *exercised a contractual right* in its dealings with Amazon, and because Amazon determined, ***in its own discretion***

*and on its own accord*, that Plaintiff's content should be removed from its website for *blatantly and overtly copying WolVol's product listings*.

WolVol denies any wrongdoing whatsoever.   However, accepting Plaintiff's factual allegations, *arguendo*, for the purposes of this motion, the end result of the Complaint's many defects is clear: Plaintiff's Complaint must be dismissed in its entirety, with prejudice, and without leave to amend for failing to state a claim upon which relief can be granted.

## II.   ARGUMENT

As a preliminary matter, Plaintiff did not file its Complaint in conformity with Rule 2.112 of the California Rules of Court in that Plaintiff did not specifically state the party or parties to whom the causes of actions are directed, CRC 2.112(4). Accordingly, WolVol cannot direct its respective demurrers to individual causes of action, and will instead address the shortcomings of each individual cause of action as well as the jurisdictional deficiencies

### A.   WOLVOL's MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) SHOULD BE GRANTED BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides in pertinent part as follows: "...the following defenses may at the option of the pleader be made by motion:...(6) failure to state a claim upon which relief can be granted..." A Rule 12(b)(6) motion is similar to a common law demurrer, in that it tests the legal sufficiency of the claims alleged within the complaint.  It requests that the court decide whether the facts as alleged, if true, entitle the plaintiff to some form of remedy.

Claims should be dismissed pursuant to Rule 12(b)(6) where there is a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

legal theory," i.e., when it appears beyond doubt that the plaintiff cannot prove a set of facts entitling him to the relief requested. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988); *see also* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). In reviewing a Rule 12(b)(6) motion, the court accepts as true all material allegations in the complaint and the reasonable inferences which can be drawn from them. <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896 (9th Cir. 1986).

However, the court need not accept conclusory allegations or legal characterizations as true. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the court does not need to accept unreasonable inferences or unwarranted deductions of fact. <u>Hiland Dairy, Inc. v. Kroger Co.</u>, 402 F.2d 968, 973 (8th Cir. 1968). The court may disregard allegations in the complaint if they are contradicted by facts established by references to documents attached as exhibits to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

### 1. Plaintiff Failed To Plead Any Unfair Competition Claim Under The Lanham Act That Is Plausible On Its Face

#### a. Of The Two Types Of Unfair Competition Claims, Plaintiff Seems To Allege That WolVol Engaged In False Advertising

In Count II, Plaintiff alleged that the WolVol engaged in "unfair competition" in violation of Section 43(a) of the Lanham Act. Codified at 15 U.S.C. § 1125(a), Section 43(a) prohibits the following:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or

as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

     (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). This statute provides two distinct grounds on which to base an unfair competition claim. Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1108 (9th Cir. 1992), *cert, denied*, 506 U.S. 1080, 113 S. Ct. 1047, 122 L. Ed. 2d 355 (1993); Jurin v. Google, Inc., 768 F. Supp. 2d 1064, 1070 (E.D. Cal. 2011). Subsection (A) protects against false association, while subsection (B) protects against false advertising. Waits, 978 F.2d at 1108. "To bring a false association claim, § 1125(a)(1)(A) requires the holder of a valid trademark to show that a defendant's illicit use of its mark in commerce has caused consumers to become confused, mistaken, misled and/or deceived as to the producer of the goods offered for sale." Jurin, 768 F. Supp. 2d at 1070; *see* Waits, 978 F.2d at 1109-10. Here, Plaintiff vaguely alleges misrepresentations by WolVol, but no illicit use of Plaintiff's mark, and thus can only conceivably be found to be asserting a false advertising claim against WolVol.

     There are five elements of an unfair competition false advertising claim: (1) the defendant made a false or misleading statement of fact in a commercial advertisement or promotion about its own or the plaintiff's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant caused the statement to enter interstate commerce; and (5) the statement results in actual or probable injury to the plaintiff. Newcal Industs., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1052 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 2788, 174 L. Ed. 2d 290 (2009); Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th

Cir. 1997); <u>Leatherman Tool Group, Inc. v. Coast Cutlery Co.</u>, 823 F. Supp. 2d 1150, 1154-56 (D. Ore. 2011).

b.     **False Advertising Claims Must Meet The Heightened Pleading Requirements of Rule 9(b).**

In all averments of fraud, the circumstances constituting fraud must be stated with particularity. Rule 9(b). Even with regard to Complaints that do not specifically plead "fraud" claims, claims based on a "unified course of fraudulent conduct" must satisfy the particularity requirement of Rule 9(b), regardless of whether the substantive law at issue is federal or state. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1102-03 (9th Cir. 2003); *see* <u>Hanna v. Plumer</u>, 380 U.S. 460, 471-72, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965); <u>Gordon v. Impulse Marketing Group, Inc.</u>, 375 F. Supp. 2d 1040, 1047-48 (E.D. Wash. 2005). In such instances, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading as a whole must satisfy the particularity requirement. <u>Vess,</u> 317 F.3d at 1103. In other situations, plaintiff may allege some fraudulent and non-fraudulent conduct; there, the heightened pleading requirement applies only to the specific allegations of fraud. <u>Id.</u> at 1104. "Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled." <u>Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.</u>, 631 F,3d 436, 442 (7th Cir. 2011).

Here, Plaintiff must meet the heightened pleading standard of Rule 9(b) for this claim and plead "with particularity" all circumstances surrounding WolVol's allegedly fraudulent conduct. <u>EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.</u>, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) (applying Rule 9(b) to claims of false advertising under the Lanham Act); *see, e.g.,* <u>VIP Prods., LLC v. Kong Co. LLC,</u> No. CV10-0998-PHX-DGC, 2011 WL 98992, *4-5 (D. Ariz. 2011); <u>Architectural</u>

7

Mailboxes, LLC v. Epoch Design, LLC, No. 10-cv-974 DMS (CAB), 2011 WL 1630809, *5 (S.D. Cal. 2011); Kilopass Tech. Inc. v. Sidense Corp., No. C 10-02066 SI, 2010 WL 5141843, *7 (N.D. Cal. 2010); Pom Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp. 2d 1112, 1123-24 (CD. Cal. 2009), *rev'd on other grounds,* Pom Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170 (9th Cir. 2012); Acculmage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 948-49 (N.D. Cal. 2003) (dismissing claim that did not "allege any facts regarding the location, timing, or content of allegedly false statements"). *Contra, e.g.,* Mintel Learning Tech. Inc. v. Beijing Kaidi Educ, 2007 WL 2288329 at *8-9 (N.D. Cal. 2007). The Ninth Circuit has yet to decide explicitly whether Rule 9(b) applies to false advertising claims under the Lanham Act. However, the Ninth Circuit has applied this heightened standard to similar types of false-advertising claims. *See* Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to claim for false advertising under California Business and Professions Code § 17200); Vess, 317 F.3d at 1102-04 (applying Rule 9(b) to claim for false advertising under California Business and Professions Code § 17500).

To satisfy Rule 9(b)'s heightened pleading standard, the circumstances alleged must be "'specific enough to give defendants notice of the particular misconduct … so that they can so that they can defend against the charge and not just deny that they have done anything wrong.'" Vess, 317 F.3d at 1106 (internal quotation marks omitted) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)). An actionable statement must have been false at the time it was made. Decker v. GlenFed, Inc., 42 F.3d 1541, 1549 (9th Cir. 1994), *superseded on other grounds by* 15 U.S.C. § 78u-4. Such allegations must be accompanied by "'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (internal quotation marks omitted) (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)). The plaintiff "must set forth more than the neutral facts necessary to identify the transaction. The

plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106 (quoting Decker, 42 F.3d at 1548). Finally, plaintiff must allege the time, place, and nature of the fraud, including the "circumstances indicating falseness," Decker, 42 F.3d at 1548.

A plaintiff generally cannot satisfy this standard with a complaint that is filed on information and belief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds by* Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990); *see* Pirelli Armstrong Tire Corp., 631 F.3d at 442. However, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief must also state the facts upon which that belief is founded. Shroyer, 622 F.3d at 1042.

Any averments which do not satisfy this heightened standard should be "disregarded" or "stripped" from the claim. Vess, 317 F.3d at 1105. Plaintiff to the instant matter has wholly failed to meet this standard.

> **c.   Plaintiff Completely Fails To Plead Any False Statement of Fact By WolVol or Brown In A Commercial Advertisement or Promotion.**

The very first element of this claim requires that Plaintiff plead how WolVol made a false or misleading statement of fact in a commercial advertisement or promotion about his own or the Plaintiff's product. *See* Newcal Industs., Inc., 513 F.3d at 1052. Beyond that, the alleged statement must be a specific, quantifiable statement, not a general or subjective statement amounting to mere puffery. *Id.* at 1053; Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 245-46 (9th Cir. 1990). To constitute commercial advertising or promotion, a statement of fact must be:

> (1) commercial speech; (2) by the defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to

9

buy defendant's goods or services. While the representations need not be made in a classic advertising campaign, but may consist instead of more informal types of promotion, the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry.

Newcal Industs., Inc., 513 F.3d at 1053 (internal quotation marks omitted) (quoting Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 735 (9th Cir. 1999)). This claim requires litigants to be direct competitors. Jurin, 768 F. Supp. 2d at 1071.

Here, Plaintiff vaguely alleges that the WolVol made false allegations of infringement concerning Defendants' intellectual property to Amazon, causing Amazon to remove several of Plaintiff's product listings, and resulting in economic harm to Plaintiff. As a threshold matter, even if any of these conclusory allegations were true, which they are not, they patently fail to meet the first element of this claim because *they do not constitute factual statements in a __commercial advertisement__*. At their core, Plaintiff makes allegations exclusively constituting misrepresentations, and not commercial speech directed at consumers – but rather to Amazon, a third-party business partner of both WolVol and Plaintiff.

Furthermore, Plaintiff fails to apprise this Court of the fact that, the takedown of Plaintiff's product listings did not occur instantaneously the moment WolVol pushed the "send" button on its email to Amazon. Rather, WolVol's email merely prompted Amazon to conduct its own investigation into the matter before independently deciding to remove Plaintiff's listings. As the terms and conditions agreed to by all sellers using Amazon's services articulate, "Amazon has the right but not the obligation to monitor and edit or remove any activity or content." That Amazon, in its sole discretion, found Plaintiff's brazen reproduction of WolVol's listings worthy of removal was both within their purview. Plaintiff cannot seek to hold WolVol

accountable for Plaintiff's own lack of imagination and linguistic prowess, or its failure to come up with its own simplistic product descriptions

In sum, Plaintiff's Complaint fails to plausibly describe any false, factual statement in any commercial advertisement by WolVol, and consequently, this cause of action should be dismissed.

### 2.    Plaintiff Cannot Claim Relief Under California's Unfair Competition Statute

Plaintiff's claim for accounting and damages under California's Unfair Competition Law ("UCL") is subject to a motion to strike pursuant to Rule 12(f) because Plaintiff does not seek reimbursement of any money obtained by WolVol from Plaintiff. Kraus v. Trinity Mgmt. Svcs. Inc., 23 Cal 4th 116, 128 (2000) (holding that restitutionary remedies under the UCL are limited to "orders compelling a UCL defendant to *return* money obtained through an unfair business practice *to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property* or those claiming through that person") (emphasis added); Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 172 (2000) (same, allowing restitution only to "persons from whom the money or property has been unfairly or unlawfully obtained.")

The only remedies available for a claim of unfair competition under Cal. Bus. & Prof. Code, §17200 et seq., are receivership, injunctive relief and restitution. Bus. & Prof. Code § 17203. Plaintiff has not requested injunctive relief in its claims or prayer for relief. Additionally, Plaintiff has only pleaded damages for "lost sales and marketing momentum," neither of which are recoverable as a form of restitution. Finally, Plaintiff cannot base the underlying acts of unfair competition on the claim for interference with prospective economic advantage, as that claim is, likewise insufficiently plead.

In its claims for unfair competition, Plaintiff appears to be attempting to allege unjust enrichment, without explicitly labeling its legal theory as such. In doing so, Plaintiff alleges that WolVol's "wrongful behavior" was a "substantial factor, if not the only factor causing economic harm" to Plaintiff. (Compl. ¶63).   This conclusory allegation is based on the theory that Plaintiff lost sales opportunities to its competitors, including WolVol.  This is a simple claim for lost profits, a remedy not available under the UCL.  In <u>MAI Sys. Corp. v. UIPS</u>, 856 F. Supp. 538, 541-42 (N.D. Cal. 1994), the court explained that, "[c]ompensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims…[The claim is] accordingly barred by the rule limiting recovery under section 17203 to restitution and injunctive relief." 856 F. Supp. At 542 (citing <u>Meta-Film Assoc., Inc. v. MCA, Inc.</u>, 586 F. Supp. 1346, 1363 (C.D. Cal. 1984)); *see also* <u>Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 179 (1999) (holding that damages are not available under the UCL).   Accordingly, Plaintiff's relief for an accounting for all profits acquired by Defendant through sale of similar goods during the time period that Plaintiff's product listings were inactive, and the preposterous claim for an award of $250,000 for "damages for lost sales and damage to Sky's marketing momentum," under the UCL must be stricken.

### a.   Plaintiff Fails To Plead Allegations Sufficient To Warrant Restitution From Defendants

In order to be a proper party in a Section 17200 cause of action, the pleading party must have suffered injury in fact and have suffered the loss of money or property as a result of the conduct constituting unfair competition.  Cal. Bus. Prof. Code § 17204.  Because Plaintiff has not plead a restitution-eligible loss of money or property against WolVol, it has no standing to assert a cause of action against WolVol under Section 17200.

The requirement that the plaintiff have suffered the "loss of money or property" establishes the right to restitution as a requirement for standing to assert a cause of action for unfair competition under Section 17200. The very limited relief available under Section 17200 is set forth in Section 17203 which reads, in pertinent part:

> "The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or enjoyment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure..." Cal. Bus. & Prof. Code § 17203.

The proviso that the court may make such orders as necessary to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition," refers to the remedy of restitution. Damages are not available under Section 17200.

Pursuant to Section 17204, a person may bring an action under Section 17200 *only if* that person "has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204. Thus, the requirement in Section 17204 that the party must have "lost money or property as a result of such unfair competition" is likewise a reference to a loss for which restitution is available. Plaintiff alleges that WolVol's actions resulted in damages, but fails to mention any receipt by WolVol of the property of Plaintiff that might otherwise be disgorged. Accordingly, no recovery in the form of restitution may be sought be Plaintiff under the California UCL.

### b.    Plaintiff Failed to Plead Allegation Sufficient To Warrant Injunctive Relief Or Receivership, And In Any Event, Failed To Request Such Relief At All

The only remedies available under Section 17200 are receivership, restitution and an injunction.  As discussed *supra*, Plaintiff has no restitution claim against Mr. Brown or WolVol.  Thus, unless Plaintiff has a viable claim for receivership or injunctive relief, it has no remedies available for its Section 17200 claim.  Plaintiff's Complaint is devoid of any claims for relief for receivership or injunctive relief.

Section 17203 authorizes a court to enjoin, "[a]ny person who engages, has engaged, or proposes to engage in unfair competition..." Cal. Bus. & Prof. Code § 17203.  In order to obtain such an injunction under Section 17200, the plaintiff must show the threat of <u>future</u> conduct.  <u>Madrid v. Perot Systems Corp.</u>, 130 Cal. App. 4th 440, 463-64 (2005).  There is no authorization under Section 17200 for an injunction "in the absence of a threat that an unlawful act will occur in the future." <u>Id.</u>; *see* <u>Matthews v. Gov't Employees Ins. Co.</u>, 23 F. Supp. 23 F. Supp. 2d 1160 (S.D. Cal. 1998) (applying Cal. Bus. & Prof. Code § 17200, et. seq.).  Furthermore, injunctive relief under Section 17203 is unavailable if the plaintiff has an adequate remedy at law. <u>Prudential Home Mortgage Co., Inc. v. Super Ct.</u>, 66 Cal. App. 4th 1236, 1249-1250 (1998).

Plaintiff does not request injunctive relief in its pleadings or prayer for relief and has pled no basis for any injunction or receivership.  Plaintiff may also have an adequate remedy at law.  Thus, Plaintiff has not pled facts sufficient to support any claim for injunctive or receivership relief based on unfair competition, and this claim should be dismissed.

////

////

 c. **Plaintiff Cannot Prove Any Act Of Unfair Competition By WolVol For Which Plaintiff May Obtain Relief.**

Even if Plaintiff had standing to assert a Section 17200 cause of action against WolVol, which it does not, the pleadings fail to state any act of unfair competition by WolVol. Plaintiff has alleged only one act: that WolVol informed Amazon of Plaintiff's flagrant copying of WolVol's product pages on Amazon's website. This act alone is entirely insufficient to sustain a claim of unfair competition.

WolVol simply informed Amazon of, ironically, the very form of unfair conduct that Plaintiff now seeks to impute upon WolVol. The Amazon terms and conditions articulate that, "If you feel your work has been copied in any way that constitutes copyright infringement, please follow our Notice and Procedure for Making Claims of Copyright Infringement." WolVol can be said to have done no more than comply with this directive. It was Amazon, not WolVol, which determined Plaintiff's various pages should be taken down. WolVol did not have the authority or ability to remove Plaintiff's listings from Amazon's site. As the Amazon terms and conditions state, "Amazon has the right but not the obligation to monitor and edit or remove any activity or content." The Terms and conditions further state that, "Amazon reserves the right to refuse service, terminate accounts, or remove or edit content *in its sole* discretion." (Decl., Exhibit A) (emphasis added). Plaintiff agreed to these terms and conditions at the time it placed its products for sale on the Amazon website. (Decl., ¶ 18.) Again, Plaintiff's Complaint fails to inform the Court of these facts. This failure, of course, is intentional, as providing such information to the Court would serve to further undermine Plaintiff's already anemic claims.

Moreover, the Amazon terms and conditions specify that, "Amazon takes no responsibility and assumes no liability for any content submitted by you…and you will indemnify Amazon for all claims arising from content." (Decl., Exhibit A).

15

Accordingly, Plaintiff could not seek to use the legal system for retribution against Amazon. Any such attempt by Plaintiff would be against its own interest, both due to the previously-cited contract term and because such posturing would virtually ensure Plaintiff would never again be permitted to use the organization as an outlet to sell its products. As a result, Plaintiff has directed its specious claims at WolVol, hoping to bully the company into settlement as a means of supplementing its own economic impotence. As WolVol acted in accordance with the terms and conditions of its agreement with Amazon, Plaintiff has failed to state any conduct that might remotely be considered as unlawful or unfair.

Due to the failure of Plaintiff to plead facts sufficient to raise the issues of standing or the occurrence of any unlawful or unfair act, this cause of action should be dismissed under Rule 12(b)(6).

### 3.    Plaintiff's Claim for Interference With Prospective Economic Advantage Fails to State a Cause of Action

Under California law, a cause of action for interference with prospective economic advantage requires the plaintiff to prove: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1153-1154 (2003). "[A] plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, 11 Cal. 4th 376, 392-393 (1995); <u>Pacific Gas & Electric Co. v. Bear Stearns & Co.</u>, 50

Cal. 3d 1118, 1126 (1980).  "[A]n act is independently wrongful if it is unlawful, that is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." Korea Supply Co., 29 Cal. 4th at 1159.

The Complaint has not set forth the requisite showing required to meet the elements for a *prima facie* case for interference with prospective economic advantage. Plaintiff entirely fails its duty to show that WolVol's alleged interference was in any way wrongful by any measure beyond the supposed inference itself.  As noted *supra*, WolVol, pursuant to the terms of its relationship with Amazon, informed Amazon of the potential infringement by Plaintiff and Amazon in its sole discretion made the decision to remove Plaintiff's content from its website.  Due to Amazon's intervening determination regarding the removal of the content in question, it cannot be reasonably inferred that WolVol was the cause, whether actual or proximate, of the takedown of Plaintiff's listings or to the alleged economic harm complained of by Plaintiff. Accordingly, Plaintiff has not met its burden in pleading Intentional Interference with Prospective Economic Advantage, and its claim for the same must be dismissed.

**4.     Plaintiff Cannot State a Claim For Negligent Interference for the Additional Reason that, as a Matter of Law, WolVol Owes No Duty of Care to Plaintiff**

Plaintiff offers no alleged facts which would serve to explain away the requirement that Plaintiff plead a duty of care in support of its negligent interference claim.  Nor would it be possible for Plaintiff to cure this deficiency, due to the fact that, as a self-described competitor of WolVol, no possible duty of care can be said to exist.  Stolz v. Wong Comms. Ltd. Partnership, 25 Cal. App. 4th 1811, 1825 (1994) (upholding dismissal of claim for negligent interference where the "complaint did not allege such a duty, nor could it, since it was plain that plaintiff and defendant were competitors").  *See also* Sierra Not. In. Holdings, Inc. v. Amis Finance, S.A., 2001 WL

1343855, *17 (2001) (dismissing negligent interference claims because competitor defendant owed no duty of care); 40 Cal. Jur. 3d, Interference with Economic Advantage, §8 (2010) ("[t]he complaint cannot allege the defendant owes the plaintiff a duty of care where it is plain the parties are competitors"). Necessarily, as in the case of those claims addressed above, so too must this cause of action be dismissed.

## III. THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND, AS ANY AMENDMENT TO THE COMPLAINT WOULD NECESSARILY BE FUTILE AND FOLLOW UNDUE DELAY.

Decisions to grant leave to amend are subject to several limitations, including undue prejudice to opposing parties, bad faith, undue delay, and futility. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1061 (9th Cir. 2011). A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it "knew or should have known" that amendment was called for. See Amerisource Bergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006). Although leave to amend is liberally granted, leave should not be granted if the defect cannot possibly be cured. See e.g., Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend should be denied where the court determines that alleging other facts consistent with the Complaint would not cure the deficiency. Alvarez v. Chevron Corp., 656 F.3d 925, 935 (9th Cir. 2011).

Here, Plaintiff's allegations as to the elements of the alleged claims of unfair competition and interference are so hopelessly deficient that neither the Lanham Act nor Cal. Bus. & Prof. Code §§ 17200 et seq. could ever be stretched to satisfy Plaintiff's legal theories. Accordingly, Defendant's motion to dismiss should be granted, with prejudice and without leave to amend.

Therefore, given the state of Plaintiff's Complaint against Brown and WolVol, the Court should dismiss these claims with prejudice.

## IV.   CONCLUSION

Defendant WolVol, Inc. respectfully submits that, for the reasons set forth above, its Motion to Dismiss should be granted in its entirety, and that the Court grant such further relief as it deems just and proper.

DATED:        JANUARY 8, 2016                    RESPECTFULLY SUBMITTED,


THE LAW OFFICES OF BENJAMIN TAYLOR
*ATTORNEYS FOR DEFENDANTS*


BY:
        BENJAMIN TAYLOR (SBN 240636)
        BTAYLOR@TAYLORLAWFIRMPC.COM
        A PROFESSIONAL CORPORATION
        1901 AVENUE OF THE STARS; SUITE 1020
        LOS ANGELES, CA 90067

19