UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2182 RGK(KKx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | *Sky Billiards, Inc. v. Wolvol, Inc. and Volvie Brown* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS) Order Re: Defendant Volvie Brown's Motion to Dismiss (DE 27)

**I.      INTRODUCTION**

On October 23, 2015, Sky Billiards, Inc. ("Plaintiff") filed suit against Wolvol, Inc. ("Wolvol") and Volvie Brown ("Brown") (collectively, "Defendants"). Currently before the Court is Defendant Brown's Motion to Dismiss based on lack of personal jurisdiction and failure to state a claim. For the following reasons, the Court **GRANTS** Brown's motion.

**II.      FACTUAL BACKGROUND**

Plaintiff is in the business of importing a wide array of goods into the United States and selling them on various Internet websites such as Amazon.com. Plaintiff operates under a federally registered trademark, "Best Choice Products."

Wolvol is a New York corporation that maintains its principal place of business in New York and, much like Plaintiff, sells imported goods on Amazon.com and other websites  Brown is the founder of Wolvol and also a resident of New York.

Late in 2015, Defendants contacted Amazon.com and complained that several of Plaintiff's product listings infringed their intellectual property. As a result, Amazon.com removed 32 of Plaintiff's products from its website. Plaintiff allegedly contacted Defendants, and they explained that they based their claims of infringement on: (1) the similarity of the descriptive product titles, (2) the similarity of the bullet pointed factual product descriptions, and (3) the fact that Plaintiff's original photography features similar products from similar angles. In response, Plaintiff asserted that its product titles, bullet point descriptions, and original photography did not violate any of Defendants' intellectual property. The parties could not come to an agreement, and Defendants refused to rescind their allegations of infringement.

Plaintiff maintains that it has not infringed any of Defendants' intellectual property rights and seeks a declaratory judgement of non-infringement. Furthermore, Plaintiff claims that Defendants intentionally and falsely brought accusations of infringement, and, based on their fraudulent conduct, Plaintiff seeks damages for: (1) Federal Unfair Competition, (2) California Unfair Competition, (3) Intentional Interference with Prospective Economic Advantage, and (4) Negligent Interference with Prospective Economic Advantage.

### III.     JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b). Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1356, 1361 (9th Cir. 1990). Accordingly, the court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegation of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

A federal district court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

### IV.     DISCUSSION

Brown moves to dismiss the Complaint based on lack of personal jurisdiction and failure to state a claim. Because the Court disposes of this motion on the basis of personal jurisdiction, it need not address whether Plaintiff has adequately pled its claims.

In its Complaint, Plaintiff alleges that personal jurisdiction over both Brown and Wolvol exists because "both defendants conduct business within the state of California . . . and have knowingly caused harm directed at a Plaintiff who resides in the state of California and within the Central District." (Compl. ¶ 25, ECF No. 1.)

Defendants do not dispute personal jurisdiction over Wolvol. In fact, Wolvol filed a separate motion to dismiss in which it did not assert any objections to personal jurisdiction. *See* Fed. R. Civ. P. 12(h)(1)(A) (stating that a party waives any challenge to personal jurisdiction if it fails to raise that argument in its initial motion to dismiss). Moreover, Brown appears to concede personal jurisdiction over Wolvol when he acknowledges that "the only conceivable basis for which Brown can possibly be implicated is through his participation as a principal of Defendant Wolvol." (Mot. To Dismiss at 11:13-15; ECF No. 27.) Instead, Brown argues that exercising personal jurisdiction over him merely by virtue of his association with Wolvol is improper and precluded by the fiduciary shield doctrine. The Court agrees.

"Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the

person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). Courts have recognized an exception to the fiduciary shield doctrine where the officer is a "primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities." *Advanced Skin & Hair, Inc. v. Bancroft*, 858 F. Supp. 2d 1084, 1090 (C.D. Cal. 2012) (quoting another source) (internal quotation marks omitted); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) ("[C]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the guiding spirit behind the wrongful conduct . . . or the central figure in the challenged corporate activity.") (internal quotation marks omitted) (alterations in the original).

"[T]he plaintiff has the burden of establishing that the individual defendant personally directed the activities toward the forum state giving rise to the complaint." *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 750 (C.D. Cal. 1995). The only issue, then, is whether Plaintiff has alleged and demonstrated that Brown played a central role in lodging the complaint with Amazon.com, which is the challenged conduct from which the instant action stems. In the Complaint, Plaintiff alleges that both Defendants "contacted Amazon.com and alleged thirty-two (32) different products . . . violated [their] intellectual property rights." (Compl. ¶ 4, ECF No. 1.) Elsewhere in the Complaint, Plaintiff claims that "both defendants . . . have knowingly caused harm directed at a Plaintiff who resides in the state of California and within the Central District."(Compl. ¶ 25, ECF No. 1.) Defendant disputes such claims and states in his declaration that, as an officer at Wolvol, his duties are of a broad managerial capacity. (Brown Decl. ¶ 14, ECF No. 29.)

In essence, Plaintiff's allegations amount to two cursory statements lumping Defendants together and attributing the same misconduct to both Brown and Wolvol. Plaintiff does not allege that Brown was the "guiding spirit" or played a "central role" in the decision to contact Amazon.com and complain about the supposedly infringing products. Moreover, Plaintiff fails to provide any evidence to substantiate the claim that Brown directed the challenged conduct here. Such an unsupported claim becomes especially problematic where, as here, a defendant offers contrary evidence disputing his or her role in the challenged corporate conduct. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("Where *not directly controverted*, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss.") (emphasis added); *Brown v. Gen. Steel Domestic Sales, LLC*, No. CV0800779, 2008 WL 2128057, at *11 (C.D. Cal. May 19, 2008) ("[Plaintiffs] offer no support for their assertion that [defendant] directed [the corporation's] advertising."); *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 947 (N.D. Cal. 2014) (applying fiduciary shield doctrine where plaintiff's allegations of defendant's involvement in the challenged corporate conduct were unsupported by evidence).

In sum, Plaintiff's argument for personal jurisdiction suffers from two flaws. First, it does not appear that Plaintiff has actually alleged sufficient facts showing that Brown directed or controlled Wolvol's challenged conduct. Second, in the face of Brown's contrary affidavit, Plaintiff has failed to proffer any evidence demonstrating that Brown was involved in Wolvol's decision to contact Amazon.com and lodge a complaint. Accordingly, the Court dismisses the Complaint against Brown for lack of personal jurisdiction with leave to amend. Moreover, in light of Brown's contrary affidavit, if Plaintiff wishes to reassert its claim that personal jurisdiction exists, it must adduce evidence to support its position.

## V. CONCLUSION

In light of the foregoing, the Motion to Dismiss is **GRANTED with leave to amend**. Any amendment must be filed **within ten days**.

**IT IS SO ORDERED.**

           : 

Initials of Preparer