LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
SKY BILLIARDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WOLVOL, INC., a New York corporation, and VOLVIE BROWN, an individual and citizen of the state of New York, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 5:15-cv-02182-RGK (KKx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WOLVOL'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Judge:  Hon. R. Gary Klausner<br>Date:   February 22, 2016<br>Time:   9:00 a.m.<br>CTRM:  850 |

# I. INTRODUCTION

As stated in previous briefs, this dispute is regarding two parties that are in the business of importing goods from China and selling such goods online throughout the United States via Internet commerce websites such as Amazon.com. Specifically, the items at issue are several <u>unpatented and uncopyrighted toys</u> that both parties likely purchased from the same Chinese factory (it is important to note that both parties have acknowledged that the toys themselves are not subject to any patent, copyright, or trademark).

The instant conflict arose when Defendants reported to Amazon.com that Plaintiff was infringing Defendants' "intellectual property" <u>despite owning no valid and protectable intellectual property rights</u>. This unlawful action predictably caused Amazon.com to take down Plaintiff's product listings pending a resolution of the matter between the parties. (Amazon.com does not invest the time or effort to make a substantive analyses of every complaint of infringement of intellectual property it receives. Instead, Amazon.com removes any complained of links and instructs the involved parties to resolve the issue.)

Plaintiff's counsel attempted to resolve the situation by requesting that Defendants specifically identify the intellectual property rights that Defendants claim to own. Defendants responded by stating that Defendants believe that Plaintiff copied their product listing layouts, which comprise: 1) <u>highly descriptive product listing titles</u>; 2) <u>highly descriptive bullet pointed product descriptions</u>; and 3) <u>product image angles</u> (original photography was used by both parties).

Plaintiff's counsel responded by attempting to explain that Plaintiff's product listing layouts were not identical (as each party included their respective trademarks and the wording, while similar, contained some variation), and, more importantly, that such highly descriptive titles and functional language is <u>not protectable</u> by patent law, trademark law, or copyright law, and therefore,

<u>Defendants do not own any protectable intellectual property capable of being infringed</u>.

Accordingly, Plaintiff requested that Defendants rescind their allegations of infringement but Defendants refused, choosing instead to stand by their false allegations of infringement causing Plaintiff's product listings to remain down and causing Plaintiff to continue to lose sales. For this reason, Plaintiff now seeks the assistance of this Court to resolve this dispute via a Declaratory Judgment of Non-Infringement.

Additionally, Plaintiff believes that Defendants are aware that they do not own any valid and protectable intellectual property and that Defendants made and are maintaining their false accusations for the primary purpose of eliminating competition from Plaintiff. Such behavior is unlawful, unethical, below the acceptable standard of lawful business practices and has caused Plaintiff severe financial harm by causing Plaintiff to miss the holiday shopping season on Amazon.com and continues to harm Plaintiff as Plaintiff's product listings are still down.

Defendants now bring this instant Motion to Dismiss for Failure to State a Claim. In doing so, Defendants are completely silent as to Plaintiff's request for a Declaratory Judgment of Non-Infringement which is essentially a pleading for non-infringement of copyrights, non-infringement of trademarks, and/or non-infringement of patents under the omnibus description "intellectual property." Plaintiff's pleading clearly set forth that Plaintiff was specifically accused of infringement of Defendants' intellectual property by Defendants and that such accusation has caused damage to Plaintiff. Plaintiff would be more precise as to the variety of intellectual property except that Defendants were not precise in their accusation. Plaintiff submits that this cause of action is adequately pled.

Defendants' Motion does addresses the remaining causes of action for: (1) Federal Unfair Competition, (2) California Unfair Competition, (3) Intentional

PLAINTIFF'S OPPOSITION TO DEFENDANT WOLVOL'S MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM – Page 3

Interference with Prospective Economic Advantage, and (4) Negligent Interference with Prospective Economic Advantage by presenting very narrow and incorrect interpretations of the law and requesting that the Court adopt its narrow view and dismiss this case before Plaintiff is provided the opportunity to present further evidence.

Plaintiff respectfully submits that Plaintiff's Complaint contains very specific allegations of what unlawful actions were taken by Defendants and how those actions injured Plaintiff and that Defendants have been given fair warning of the claims being asserted and the grounds upon which they rests, and therefore, Plaintiff respectfully requests that the Court allow this matter to proceed for further adjudication before this Court.

**LEGAL STANDARD**

<u>a. **Legal Standard for a Motion to Dismiss For Failure to State A Claim Upon Which Relief May Be Granted, FRCP 12(b)(6).**</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to challenge a deficiency of pleadings by motion. Fed. R. Civ. P. (12)(b)(6). Pursuant to Federal Rule of Civil Procedure 8(a)(2) and (3), a federal pleading should be a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought which may include different types of relief.

Pleadings in federal courts "must be construed so as to do justice." FRCP 8(e). The Federal Rules are designed to minimize disputes over pleading technicalities. (See *Ashcroft* v. *Iqbal* (2009) 556 US 662, 678, 129 S.Ct. 1937, 1950- "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era").

However, the underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "*grounds* upon which it rests." *Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 555, 127 S.Ct. 1955, 1964 (internal quotes

omitted); *Swierkiewicz v. Sorema N.A.* (2002) 534 US 506, 513, 122 S.Ct. 922, 998 (same); *Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 654 F3d 903, 908.

In ruling on a motion to dismiss, the court must construe the allegations of the complaint in a light most favorable to the plaintiff and all well-pleaded facts alleged in the complaint must be assumed to be true for purposes of the motion. *Wood* v. *Moss,* 134 S. Ct. 2056, 2065, n.5, 188 L. Ed. 2d 1039 (2014) ("In ruling on a motion to dismiss, we have instructed, courts 'must take all of the factual allegations in the complaint as true,' but 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). The issue on a 12(b)(6) motion to dismiss for failure to state a claim is not whether a plaintiff will prevail on the merits, but whether plaintiff is entitled to offer evidence to support the allegations of the complaint. *Scheuer* v. *Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

## II. ARGUMENT

### a. Plaintiff's Pleading For Non-Infringement Is Sufficient To Give Defendants Fair Notice Of The Claim Being Asserted And The Grounds Upon Which It Rests.

To be entitled to a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §2201, a Plaintiff must show that an actual controversy exists regarding a matter within the federal court subject matter jurisdiction. *Calderon v. Ashmus* (1998) 523 US 740, 745, 118 S.Ct. 1694, 1698.

Normally, whether a question "arises under" federal law is determined by the "well-pleaded" allegations of the complaint, and defensive matters are not considered. However, in declaratory relief actions, whether the claim "arises under" federal law is determined by the nature of the underlying *coercive* claim— i.e., the claim that the declaratory judgment defendant may assert against the declaratory judgment plaintiff: "Federal courts have regularly taken jurisdiction over declaratory judgment suits in which, if the *declaratory judgment defendant*

brought a coercive action to enforce its rights, that suit would *necessarily* present a federal question." *Franchise Tax Board of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.* (1983) 463 US 1, 19, 103 S.Ct. 2841, 2851 (emphasis added). It need only be shown that the declaratory relief defendant *could* bring such a claim, not that it necessarily will do so. *Standard Ins. Co. v. Saklad* (9th Cir. 1997) 127 F3d 1179, 1181.

In the instant case, Defendants have taken the position that Plaintiff has violated their intellectual property. Whether Defendants believe Plaintiff has violated a copyright, trademark or patent is unclear to Plaintiff as Defendant did not identify the specific form of intellectual property but regardless of the form, such a dispute would present a federal question under 28 U.S.C. §§1331, 1338.

Plaintiff has also adequately pled that Defendants have made an allegation that Plaintiff has violated Defendants' intellectual property rights, which if true, could be brought in federal court. Defendants' infringement allegations have caused real harm to Plaintiff in terms of lost profits and lost marketing momentum and are currently continuing to cause harm to Plaintiff because Plaintiff's Amazon.com product listings are still down. Plaintiff has very clearly and plainly pled such allegations in Plaintiff's Complaint so Defendants have fair notice of Plaintiff's claim of non-infringement and the grounds upon which it rests. (See Complaint ¶¶ 4,10,13,15, 18,30,34,35,36, 37, 38).

### b. Plaintiff's Pleading For Federal and State Unfair Competition Is Sufficient To Give Defendants Fair Notice Of The Claim Being Asserted And The Grounds Upon Which It Rests.

The Lanham Act §43(a), 15 U.S.C. §1125(a)(1)(b) prohibits a broad range of undesired business behaviors including "misrepresentations of fact(s)" that are likely to "cause mistake" as to the "approval" of another's "commercial activities." 15 28 U.S.C. (a)(1)(A).

Contrary to Defendant's argument, other Courts have held that a false claim of infringement is actionable under §43(a). *Blank v. Pollack,* 916 F. Supp. 165, 38

U.S.P.Q.2d 1265 (N.D.N.Y. 1996) ("The misrepresentation that a product is patented relates to the nature and qualities of the product" and is actionable under § 43(a)); *M. Eagles Tool Warehouse, Inc.* v. *Fisher Tolling Co.,* 68 F. Supp. 2d 494, 506, 52 U.S.P.Q.2d 1748, 1758 (D.NJ. 1999) rev'd on other grounds, 439 F.3d 1335, 78 U.S.P.Q.2d 1229 (Fed. Cir. 2006) (Summary judgment that false claims of patent protection in cease-and-desist letters, and false patent pending marking violates Lanham Act § 43(a).).

Similarly, false claims that a product listing violates another's intellectual property relates to that party's "commercial activities." In the instant case, Plaintiff has pled that Defendant have intentionally and knowingly made false allegations of infringement of intellectual property to Amazon.com to gain unfair economic advantage and refused to rescind those claims with full knowledge of the economic harm that it would cause Plaintiff. (See Complaint ¶¶ 40-46).

Regarding the state unfair competition claim, contrary to Defendant argument, California Business & Professions Code §17200 *et. seq.* broadly prohibits "unfair competition," which is defined to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. *See* Gemisys Corp. v. Phoenix American Inc., 50 U.S.P.Q.2d 1876, 1887, 1999 WL 417411 (N.D. Cal. 1999) ("Virtually any federal, state or local law can serve as the predicate for an action under § 17200 based on unlawful business practices.").

The California Court of Appeals has observed of the California unfair competition and false advertising statutes are meant to protect the public from a wide spectrum of improper conduct. *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 332, 74 Cal. Rptr. 2d 55 (1st Dist. 1998) (prohibitions reach statements that become false by telling only a half-truth and failing to disclose other relevant information.).

In the instant case, Plaintiff has pled that Defendants have knowingly made false statements in a commercial context that has resulted in the foreseeable economic harm to Plaintiff. (See Complaint ¶¶ 48-55).

### a. Plaintiff's Pleading For Intentional and Negligent Interference with Prospective Economic Advantage Federal Is Sufficient To Give Defendants Fair Notice Of The Claim Being Asserted And The Grounds Upon Which It Rests.

"The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." (*Settimo Associates v. Environ Systems, Inc.* (1993) 14 Cal.App.4th 842, 845 [17 Cal.Rptr.2d 757], internal citation omitted.) "The five elements for intentional interference with prospective economic advantage are: (1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." (*Youst v. Longo* (1987) 43 Cal.3d 64, 71, fn. 6 [233 Cal.Rptr. 294, 729 P.2d 728].)

In the instant matter, (1) Plaintiff has pled that it had an economic relationship with Amazon.com that would probably have resulted in an economic advantage for Plaintiff (Complaint ¶ 57), (2) that Defendants were fully aware of that relationship (Complaint ¶ 58), (3) that Defendants disrupted that relationship by making false accusations of infringement even though Defendants own no intellectual property (Complaint ¶¶ 59, 61), (4) that as a result of the wrongful misrepresentation the economic relationship was actually disrupted (Complaint ¶ 60), and (5) that the disruption caused actual harm to Plaintiff (Complaint ¶¶ 18,62). Plaintiff submits that this tort was sufficiently pled.

"The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." (*North American Chemical Co. v. Superior Court* (1997) 59 Cal.App.4th 764, 786 [69 Cal.Rptr.2d 466].)

The negligent form of this tort is very similar intentional form except that it requires a *duty* and a *breach*. In the instant matter, Plaintiff pled that Defendants "failed to act with reasonable care" when they wrongfully and falsely communicated to Amazon.com that Plaintiff had infringed their intellectual property. (Complaint ¶¶67,68).

Defendants argue that they owe no duty of care, however, California Civil Code §1714 imposes a general duty of ordinary care, which by default requires all persons to take reasonable measures to prevent harm to others. Further, in the 1968 case of *Rowland v. Christian*, the court held that judicial exceptions to this general duty of care should <u>only be created if</u> clearly justified based on the following public-policy factors: (1) the foreseeability of harm to the injured party; (2) the degree of certainty he or she suffered injury; (3) the closeness of the connection between the defendant's conduct and the injury suffered;(4) the moral blame attached to the defendant's conduct; (5) the policy of preventing future harm; (6) the extent of the burden to the defendant and the consequences to the

community of imposing a duty of care with resulting liability for breach; (7) and the availability, cost, and prevalence of insurance for the risk involved. *Rowland v. Christian*, 69 Cal. 2d 108 (1968).

All such factors weigh in favor of finding no such exception; therefore competitors have a duty of care not to make false allegations of intellectual property infringement for the purpose of gaining a competitive advantage. Plaintiff submits that at a minimum, before making an allegation of infringement of intellectual property that will foreseeably cause a severe disruption in a competitor's ability to sell its wares, a party should confirm that it owns some valid and protectable intellectual property.

### III. CONCLUSION

Having demonstrated that each cause of action was sufficiently pled, Plaintiff respectfully request that the Court DENY Defendant Motion to Dismiss.

Dated: February 3, 2016

By: _____
Kevin M. Welch, Esq. (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email:Kevin@kmwlawoffice.com
Attorney for Plaintiff,
Sky Billiards, Inc.