LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
SKY BILLIARDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WOLVOL, INC., a New York corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | **Case No.: 5:15-cv-02182-RGK (KKx)**<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>(1) **DECLARATORY JUDGMENT OF NON-INFRINGMENT** **(Declaratory Judgment Act, 28 U.S.C. §§2201-2202);**<br><br>(2) **CALIFORNIA UNFAIR COMPETITION** **(Cal. Bus. & Prof. Code §17200);**<br><br>(3) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 1

Plaintiff, SKY BILLIARDS, INC. ("Sky") by and for its Complaint for a Declaratory Judgment and Damages, hereby alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

## INTRODUCTION

1. This is an action in law and equity for, *inter alia,* a Declaratory Judgment of Non-Infringement, California Unfair Competition, and Intentional Interference of Prospective Economic Advantage.

2. Plaintiff Sky is in the business of importing a wide variety of goods into the United States and selling such goods throughout the United States via various Internet websites such as Amazon.com under its federally registered trademark BEST CHOICE PRODUCTS, United States federal trademark registration no. 4346291.

3. Sky takes great care in selecting and importing only goods that meet Sky's high standards of craftsmanship and quality and Sky invests time, money, and effort into its distribution infrastructure and customer service such that consumers have grown to trust the trademark BEST CHOICE PRODUCTS and associate it with an efficient, satisfying, and high quality purchasing experience.

4. On or about October 6, 2015, Volvie Brown, the owner of Defendant WOLVOL, INC. ("WolVol" or "Defendant"), electronically contacted Amazon.com via Amazon.com's sellers' infringement allegation form and knowingly and falsely alleged that thirty-two (32) of Sky's product listings on Amazon.com violated Defendant WOLVOL's intellectual property rights.

5. As a direct result of Defendant WOLVOL's false allegations Amazon.com removed each one of Sky's products listings on Amazon.com that were identified in Defendant WOLVOL's knowing and false allegation.

6. Immediately upon learning that Sky's product listings were removed by Amazon.com, Sky reviewed each allegedly infringing product listing and

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 2

confirmed that each product listing was a non-patented and non-copyrighted product that both Sky and Defendant purchased from a factory in China (likely the same factory) and imported to sell on Amazon.com.

7. Sky also confirmed that each one of Sky's allegedly infringing product listings featured Sky's own original photography and Sky's own federally registered trademark, BEST CHOICE PRODUCTS.

8. Sky further confirmed that each one of Sky's allegedly infringing product listings *did not* feature Defendant WOLVOL's trademark, "WOLVOL."

9. Sky immediately attempted to contact Defendant WOLVOL via email and telephone to discuss the bases for Defendant WOLVOL's allegations but was initially unsuccessful as no response was received by email, and while someone answered the telephone, the connection was lost after Sky's counsel introduced himself.

10. Sky, via counsel, then drafted a letter to Defendant WOLVOL explaining that Sky respects the intellectual property of others and, as such, would like to thoroughly investigate the nature and bases of Defendant WOLVOL's allegations include specifically what intellectual property Defendant WOLVOL claims to own.

11. Subsequently, Defendant WOLVOL responded via email explaining that the bases of its allegations were: 1) the similarity of the descriptive product titles, 2) the similarity of the bullet pointed factual product descriptions, and 3) the fact that Sky's original photography featured similar products from similar angles.

12. Defendant WOLVOL further explained that it would prefer that Sky choose to import a different line of products rather than competing with Defendant WOLVOL.

13. Sky, via counsel, sent a second letter explaining that neither copyright nor trademark protects: 1) descriptive product titles, 2) bullet pointed factual product descriptions, or 3) original photography of similar products from similar angles, and that none of the products were patented therefore Sky's product listings could not be in violation of any valid and enforceable intellectual property

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 3

right because the complained of aspects of Sky's product listings are unprotected and/or unprotectable subject matter.

14. Defendant WOLVOL replied by email refusing to retract its knowing and false allegations and denied any culpability for its knowingly false accusations by reasoning that it was Amazon.com that removed Sky's product listings and not the actions of Defendant WOLVOL despite 17 U.S.C. Section 512 (f) which states in relevant part "*Misrepresentations. – Any person who knowingly materially misrepresents under this section: (1) that material or activity is infringing... shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.*"

15. Defendant WOLVOL was well aware that its false allegations of infringement would cause Amazon.com to remove Sky's product listings which, in turn, would cause Sky to lose sales and revenue through the holiday season and beyond.

16. Defendant WOLVOL was well aware that its false allegations of infringement would cause Amazon.com to remove Sky's product listings which, in turn, having eliminated a competitor with a higher profile product listing, would cause Defendant WOLVOL to wrongfully receive more sales and revenue through the holiday season and beyond.

17. Defendant WOLVOL was well aware that it did not own any valid or protectable intellectual property rights in the 1) descriptive product titles, 2) bullet pointed

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 4

factual product descriptions, or 3) the angles at which Defendant WOLVOL photographed its generic products at the time Defendant WOLVOL made its false allegation to Amazon.com.

18. Defendant WOLVOL is also well aware that its ongoing refusal to rescind its knowingly false allegations has caused and is causing Sky ongoing economic harm.

19. Defendants' unscrupulous actions are intentional with full knowledge of the harm that they are causing Sky.

20. Alternatively, even if Defendants' actions were initially honest but genuinely misguided or misinformed regarding intellectual property, after hiring counsel, Defendant WOLVOL's continued refusal to rescind its false allegations are with full knowledge that such allegations are false.

21. Sky is informed and believes, and based thereon alleges, that Defendant WOLVOL's false allegations are causing Sky real tangible economic harm that will not end unless this Court adjudicates the issue of whether Sky's product listings infringe any valid and enforceable intellectual property owned by Defendant WOLVOL.

## THE PARTIES

22. SKY BILLIARDS, INC. is a corporation formed under the laws of the state of California that maintains a principle place of business at 5642 E. Ontario Mills Pkwy, Ontario, CA 91764.

23. Upon information and belief, WOLVOL, INC. is a corporation formed under the laws of the state of New York that maintains a principal place of business at 1318 57 Street, Brooklyn, New York 11204.

24. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to Sky, who therefore sues said defendants by fictitious names. Sky is informed and believes, and on such information and belief, alleges that each of the Defendants

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 5

sued herein as a DOE are legally responsible in some manner for the events and happenings referred to herein. When the true names, identities and capacities of such fictitiously designated defendants are ascertained, Sky will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

## JURIDISCTION AND VENUE

25. This is an action in law and equity for, *inter alia,* a Declaratory Judgment of Non-Infringement, California state Unfair Competition, and Intentional Interference of Prospective Economic Advantage against Defendant WolVol and in connection with false allegations of infringement made by its owner, Volvie Brown, knowingly directed at a resident of the state of California.

26. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1332, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

27. This Court has personal jurisdiction over Defendant WolVol because, *inter alia,* both Defendant WolVol conducts business within the state of California and within the Central District and has knowingly caused harm directed at Plaintiff who resides in the state of California and within the Central District.

28. This Court also has subject matter jurisdiction over this civil action because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff Sky, a resident of the state of California, and Defendant WOLVOL, a corporation with a principal place of business located in the state of New York.

29. This Court has jurisdiction over this civil matter because it involves a federal question.

30. Venue is proper in the Central District of California pursuant to 28 U. S. C. § § 13 91 (b), (c).

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 6

# COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGMENT

### (Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202)

31. Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant WOLVOL contacted Amazon.com and alleged that several of Sky's product listings on Amazon.com infringed Defendant WOLVOL intellectual property.

33. As a direct result of the allegations made by Defendant WOLVOL, Amazon.co removed thirty-two (32) of Sky's product listings from its Internet website.

34. The removal of thirty-two (32) of Sky's product listings from Amazon.com has caused and is continuing to cause financial harm to Sky.

35. The removal of thirty-two (32) of Sky's product listings from Amazon.com has caused and is continuing to cause unfair financial advantage to be unfairly gained by Defendant WOLVOL.

36. Defendant WOLVOL does not own any valid and enforceable patent rights that are relevant to any of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendant WOLVOL's knowingly false allegations.

37. Defendant WOLVOL does not own any valid and enforceable trademark rights that were infringed by anyone of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendant WOLVOL's knowingly false allegations.

38. Defendant WOLVOL does not own any valid and enforceable copyright rights that were infringed by anyone of Sky's thirty-two (32) product listings that Amazon.com removed because of Defendant WOLVOL's knowingly false allegations.

39. Defendant WOLVOL has refused to rescind its knowingly false allegations of infringement creating on-going economic harm to Sky.

# COUNT II
## CALIFORNIA UNFAIR COMPETITION
### Cal. Bus. & Prof. Code §17200

40. Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendant WOLVOL knowingly misrepresented to Amazon.com that Sky's product listings violated Defendant WOLVOL's intellectual property despite owning no relevant intellectual property.

42. Sky is a larger seller on Amazon.com than Defendant WOLVOL and consequently enjoys much higher visibility for its product listings; therefore when Defendant WOLVOL eliminated Sky's product listings by making false representations, Defendant WOLVOL experienced much higher sales numbers due to its unfair competition.

43. Defendant WOLVOL's knowing misrepresentation constitutes an independent unlawful act pursuant to 17 U.S.C. Section 512(f).

44. Such false statements resulted in Amzon.com removing at least thirty-two (32) of Sky's product listings on Amazon.com pending a resolution of this dispute between the Parties.

45. Defendant WOLVOL does not own any valid and enforceable intellectual property that is relevant to any of Sky's product postings on Amazon.com.

46. Defendant WOLVOL refused to rescind its false allegations of infringement even after failing to identify any valid and enforceable intellectual property relevant to Sky's products listings that were formerly posted on Amazon.com.

47. Sky and Defendant WOLVOL are direct competitors for the purposes of the products against which Defendant WOLVOL made false allegations.

48. Defendant is enjoying an unfair economic advantage as a result of making false allegations of infringement against Sky because Sky's products are no longer listed for sale leaving potential consumers with fewer options giving

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 8

Defendant an unfair economic advantage.

49. Sky has been and is continuing to be harmed by Defendant WOLVOL's false allegations of infringement.

50. The unlawful conduct of Defendant, as alleged above, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

## COUNT III
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

51. Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. Sky and Amazon.com were in an economic relationship that probably would have resulted in an economic benefit to Sky, specifically, consumers would have purchased Sky products that were listed on Amazon.com Internet website.

53. Defendant WOLVOL was fully aware that Sky and Amazon.com were in an economic relationship.

54. Defendant WOLVOL disrupted the economic relationship between Sky and Amazon.com by making knowing misrepresentations to Amazon.com accusing Sky of infringing on Defendant WOLVOL's intellectual property even though Defendant WOLVOL owns no valid and enforceable intellectual property relevant to Sky's product listings at Issue.

55. As a result of this wrongful misrepresentation the economic relationship between Sky and Amazon.com was harmed because Amazon.com took down several of Sky's product listings and eliminated a competitor with higher profile product listings.

56. Defendant WOLVOL continued to disrupt the economic relationship between Sky and Amazon.com when Defendant WOLVOL refused to rescind its false allegations of infringement.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 9

57. Sky has been harmed and is continuing to be harmed by Defendant WOLVOL's wrongful misrepresentations.

58. Defendant WOLVOL wrongful misrepresentations and refusal to rescind its wrongful misrepresentations is a substantial factor if not the only factor causing economic harm that Sky is petitioning the Court to address.

## PRAYER FOR RELIEF

**WHEREFORE,** Sky respectfully requests the following relief:

A. Declaratory Judgment, stating that Sky's product listings that Defendant WOLVOL made accusations against do not infringe any valid and enforceable intellectual property owned by Defendant WOLVOL;

B. Damages pursuant to 17 U.S.C. Section 512(f) including attorneys, fees costs, and lost profits;

C. An accounting for all profits acquired wrongfully by Defendant through sales of similar products during the time period in which Sky's product listings were inactive;

D. An award of $250,000 for damages for lost sales and damage to Sky's marketing momentum;

E. An award of treble damages or other enhanced monetary remedies;

F. An award of attorneys' fees and cost to Sky; and

G. Any such further relief as the Court may deem just and appropriate.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**– Page 10

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated: May 17, 2016

By: /s/Kevin M. Welch
Kevin M. Welch, Esq. (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
P.O. Box 49, Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff,
Sky Billiards, Inc.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** – Page 11