UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:15-CV-02182 RGK (KKx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Sky Billiards, Inc., v. WolVol, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Defendant's Motion to Dismiss (DE 47)**

## I.  INTRODUCTION

On October 23, 2015, Sky Billiards ("Plaintiff") filed a Complaint against Defendants WolVol, Inc. ("WolVol") and Volvie Brown ("Brown") (collectively, "Defendants"). The Complaint sought Declaratory Judgment of Non-Infringement and alleges the following claims: (1) violation of the Federal Unfair Competition Law; (2) violation of the California Unfair Competition Law ("UCL"); (3) Intentional Interference with Prospective Economic Advantage; and (4) Negligent Interference with Prospective Economic Advantage.

On December 7, 2015, Brown moved to dismiss all claims against her for lack of personal jurisdiction and failure to state a claim. On January 8, 2015 WolVol filed a Motion to Dismiss for failure to state a claim. On January 19, 2015, the Court granted, with leave to amend, Brown's Motion to Dismiss for lack of personal jurisdiction.

As to WolVol, on February 22, 2016, the Court dismissed, with prejudice, Plaintiff's federal unfair competition claim and negligent interference with prospective economic advantage claim; and, dismissed Plaintiff's UCL claim and intentional interference with prospective economic advantage claim, with leave to amend.

Plaintiff filed a First Amended Complaint ("FAC") on May 17, 2016, seeking Declaratory Judgment of Non-Infringement, violation of the UCL, and Intentional Interference with Prospective Economic Advantage. Presently before the Court is WolVol's Motion to Dismiss these claims.

For the following reasons the Court **GRANTS with Prejudice** WolVol's Motion to Dismiss

Plaintiff's claim for violation of the UCL; **DENIES** WolVol's Motion to Dismiss Plaintiff's intentional interference with prospective economic advantage claim; and **GRANTS** WolVol's Motion to Dismiss Plaintiff's claim for Declaratory Judgment of Non-Infringement.

## II.  STATEMENT OF FACTS

The following facts are alleged in the FAC:

Both Plaintiff and WolVol sell similar products on Amazon.com ("Amazon"). On or about October 6, 2015, WolVol electronically contacted Amazon and alleged that thirty-two of Plaintiff's product listings ("Listings") violated WolVol's intellectual property rights. (FAC ¶ 4, ECF No. 45.) Amazon then removed the allegedly infringing Listings pending a resolution of the allegation. (FAC. ¶ 5, ECF No. 45.) Plaintiff claims that once it learned that the Listings were removed it reviewed each Listing and confirmed that the products were non-patented. (FAC ¶ 5, ECF No. 45.) Plaintiff also claims it confirmed that each Listing featured Plaintiff's own photography, as well as its own federally registered trademark. (FAC ¶ 6, ECF No. 45.) Plaintiff contacted WolVol and asked them to explain the basis of their allegations. (FAC ¶ 10, ECF No. 45.) WolVol responded via email explaining the basis of their allegations: "1) the similarity of the descriptive product titles, 2) the similarity of the bullet pointed factual product descriptions, 3) the fact that the [Plaintiff's] original photography featured similar products from similar angles." (FAC ¶ 11, ECF No. 45.) Plaintiff then responded to WolVol's email and explained that neither copyright law nor trademark law protects WolVol's allegations. (FAC ¶ 13, ECF No. 45.) WolVol then replied by email and refused to retract the allegedly false allegations and denied any culpability. (FAC ¶ 14, ECF No. 45.) Plaintiff alleges that WolVol's false allegations have caused it to lose sales and revenue, and WolVol's failure to rescind its alleged false allegations is continuing to cause Plaintiff ongoing economic harm. (FAC ¶ 18, ECF No. 45.)

## III.  JUDICIAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2004)). A court deciding a Rule 12(b)(6) motion must accept as true all factual allegations in the complaint, but need not accept mere legal conclusions or bare recitations of the elements of a claim. *Twombly*, 550 U.S. at 555. A claim is facially plausible when there are sufficient factual allegations, viewed in the light most favorable to the plaintiff, to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).

## VI.  DISCUSSION

WolVol argues that Plaintiff's allegations in support of both of its claims are insufficient under Rule 12(b)(6). The Court addresses these claims in turn.

### A.  Unfair Competition Law, Cal. Bus. And Prof. Code § 17200

The California Unfair Competition Law ("UCL") prohibits "unlawful, unfair or fraudulent business act or practices" or "unfair, deceptive, dontrue or misleading advertising." Cal. Bus. Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice is (1) unlawful, (2) unfair, or (3) fraudulent. *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718 (9th Cir. 2007) (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 973 P.2d 527, 540 (Cal. 2003)).

Remedies for violations under the UCL are limited to restitution and injunctive relief. *Henry Lehman Commer. Paper, Inc., (In re First Alliance Mortg. Co.)*, 471 F.3d 977, 996 (9th Cir. 2006) (citing *Madrid v. Perot Systems Corp.*, 30 Cal. Rptr. 3d 210, 218 (Cal. Ct. App. 2005)); Cal. Bus. & Prof. Code § 17203. Under the UCL, restitution is meant to "restore the status quo by returning to plaintiff funds in which he or she has an ownership interest, and is so limited." *Id.* (citing *Madrid*, 30 Cal. Rptr. 3d at 219). In order to state a claim for restitution, a plaintiff must specify the amount gained by defendant, to which they have an actual ownership interest. *Id.* at 997. Further, "compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 948 (Cal. 2003) (citing *MAI Systems Corp. v. UIPS*, 856 F. Supp. 538, 542 (N.D. Cal. 1994)).

The Court begins its analysis by addressing Plaintiff's request for damages. Here, Plaintiff alleges $250,000 in lost sales due to WolVol's unlawful business act. Lost sales are compensatory damages, however, not restitution damages. In order to plead restitution damages, Plaintiff would have to allege a specific amount gained by Defendant to which it has an ownership interest. Since Plaintiff is unable to do this, it has not alleged sufficient facts to state a claim for restitution. Further, based on the facts as alleged, the Court does not see how Plaintiff will be able to properly plead restitution, because it cannot claim an ownership interest in potential sales.

Because Plaintiff did not plead sufficient facts to allege restitution damages, the Court need not address the other elements of the UCL claim.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's claim for violation of the UCL **with prejudice.**

### B.      Intentional Interference with Prospective Economic Advantage

The tort of intentional interference with prospective economic advantage requires the following elements to be met:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional wrongful acts on the part of defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Korea Supply Co.*, 63 P.3d at 950-51.

Plaintiff meets the first two elements of its intentional interference with prospective economic advantage claim. Plaintiff has sufficiently pled that Plaintiff and Amazon are in an economic relationship and that Defendant knew of that relationship.

With respect to the third element, Plaintiff must plead that WolVol's conduct was "wrongful by some legal measure other than the fact of the interference itself." *Id.* The defendant's conduct must be "independently wrongful." *Id.* at 953. An act is independently wrongful if it is unlawful by some "constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 954. An independently wrongful act does not involve a defendant acting with an improper motive. *Id.*

Here, Plaintiff alleges that WolVol knowingly misrepresented that the Listings were infringing on its copyright in violation of 17 U.S.C. § 512(f), thereby constituting an independently wrongful act.

17 U.S.C. § 512(f) imposes liability on any person who "knowingly materially misrepresents (1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification." 17 U.S.C. § 512(f). Particularly, § 512(f) is an "expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation." *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004-5 (9th Cir. 2004). Moreover, a copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making that mistake. *Id.* at 1005.

Plaintiff alleges that on or about October 6, 2015, WolVol, through its owner Volvie Brown, electronically submitted a sellers' infringement allegation form to Amazon; and, in doing so, knowingly and falsely alleged that the Listings violated WolVol's copyright. (FAC ¶ 4, ECF No. 45.) Plaintiff further alleges that even after it had informed WolVol that the Listings were not protected by copyright or trademark, WolVol refused to retract its knowing and false allegations, causing Plaintiff to lose, and allowing WolVol to gain, sales and revenue throughout the holiday season. (FAC ¶¶ 13-15, ECF No. 45.) WolVol confirms that upon discovering the Listings, it had electronically contacted Amazon to request their removal. However, WolVol contends that it notified Amazon not because the Listings infringed on a copyright, but because they were in violation of Amazon's Terms of Use. Further, WolVol claims that Amazon, after conducting an independent review, unilaterally decided to remove the Listings pursuant to its Terms of Use. (Mot. To Dismiss 3:7-16, ECF No. 47.)

According to Amazon's Terms of Use, however, the sole purpose of the seller's infringement allegation form is to provide a mechanism by which a user can notify Amazon of a copyright infringement. (Brown Decl. Ex. A, ECF. No. 48.) In fact, the form itself is titled, "Notification and Procedure for Making Claims of Copyright Infringement." *Id.* Further, the notification procedures laid out in the form closely mirror the notification procedures prescribed in 17 U.S.C. § 512(c)(3)(A), even going so far as to include the requirement for a statement declaring the accuracy of the notification under penalty of perjury.

It is clear to the Court that any user who submits the infringement notification form would be aware that it is to be used only to claim copyright infringement. It follows that WolVol, a user which submitted the form to Amazon, was aware not only of the purpose of the form, but of the unlawfulness of making a wrongful claim. WolVol does not claim to own a copyright or any other protectable intellectual property right in the Listings, and therefore, Plaintiff has pled sufficient facts creating a reasonable inference that WolVol knowingly misrepresented that the Listings constituted a copyright infringement in violation of 17 U.S.C. § 512(f). Accordingly, Plaintiff has pled sufficient facts to fulfill the independently wrongful act prong of its claim for intentional interference with prospective economic advantage.

Finally, as to the fourth and fifth elements of the tort: Plaintiff has pled sufficient facts to show an actual disruption of the relationship between it and Amazon, and that the $250,000 in lost sales were a proximate result of WolVol's conduct.

Therefore, the Court **DENIES** WolVol's Motion to Dismiss as to Plaintiff's intentional interference with prospective economic advantage claim.

### C.   Declaratory Judgment of Non-Infringement

To have standing to seek declaratory judgment regarding copyright infringement, plaintiff must show that "under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief." *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1085 (N.D. Cal. 2012) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555-56 (9th Cir. 1989)). Moreover, the plaintiff must have "a real and reasonable apprehension that he will be subject to liability if he continues" the allegedly infringing conduct. *Id.* at 1556.

Here, Plaintiff contends that WolVol does not own a valid copyright with respect to the Listings. WolVol implicitly confirms this allegation, arguing that it did not claim the Listings infringed upon any copyright, but rather were in violation of Amazon's Terms of Use. WolVol cannot sue for infringement of a copyright it does not own, and therefore, Plaintiff does not have standing to seek declaratory judgment.

Accordingly, the Court **GRANTS** WolVol's Motion to Dismiss as to Plaintiff's claim for Declaratory Judgment of Non-Infringement.

## VI.     CONCLUSION

For the foregoing reasons, the Court **GRANTS with Prejudice** WolVol's Motion to Dismiss Plaintiff's claim for violation of the UCL; **DENIES** WolVol's Motion to Dismiss Plaintiff's intentional interference with prospective economic advantage claim; and **GRANTS** WolVol's Motion to Dismiss Plaintiff's claim for Declaratory Judgment of Non-Infringement.

**IT IS SO ORDERED.**

                                                                                                              **:**

**Initials of Preparer**