LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.:  (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
SKY BILLIARDS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> WOLVOL, INC., a New York corporation, and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No.: 5:15-cv-02182-RGK (KKx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT WOLVOL'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO MISMISS** <br><br> Judge:   Hon. R. Gary Klausner <br> Date:    August 22, 2016 <br> Time:    9:00 a.m. <br> CTRM: 850 |

## I.  INTRODUCTION

Defendant is dissatisfied with the July 11, 2016 Order of the Court (ECF Doc 44) and is now merely attempting to present further arguments in response to the Court's Order.  Defendant has already been provided ample time to present all of its arguments to the Court as the Court has now decided three Motions to Dismiss in this matter.  Plaintiff respectfully requests that this Court DENY Defendant's Motion for Reconsideration and Order Defendant to Answer the remaining cause of action so that this matter can proceed to adjudication.

Defendant's Motion for Reconsideration provides no material difference in fact or law from that presented to the Court before the Court's July 11, 2016 Order that, in the exercise of diligence, could not have been known to Defendant; Defendant's Motion for Reconsideration includes no emergence of new material facts or changes of law occurring after July 11, 2016; and Defendant's Motion for Reconsideration does not provide a manifest showing of a failure to consider material facts presented to the Court before such decision.

Instead, Defendant essentially argues that it did not know how the Court would decide and, given the Court's decision, would now like to present additional arguments.  Plaintiff respectfully submits that these are not the circumstances in which the extraordinary remedy of reconsideration is appropriate and, in the interests of finality and conservation of judicial resources, respectfully requests that Defendant's Motion for Reconsideration be DENIED.

**LEGAL STANDARD**

### a.  Legal Standard for a Motion for Reconsideration

Granting reconsideration is a matter of judicial discretion, and is considered to be an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." [*Carroll v. Nakatani* (9th Cir. 2003) 342 F3d 934, 945 (internal quotes omitted); *Mohammadi v. Islamic Republic of Iran* (DC Cir. 2015) 782 F3d 9, 17].

**PLAINTIFF'S OPPOSITION TO DEFENDANT WOLVOL'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO MISMISS**-Page 2

Under the Central District of California Local Rule 7-18, a motion for reconsideration:

> may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18. Further, a motion for reconsideration may not repeat any written or oral argument made in opposition to the original motion.

## I. ARGUMENT

**a. There Exists No Material Difference in Law or Fact That Presented to the Court Before Such Decision That in the Exercise of Reasonable Diligence Could Not Have Been Known to the Party Moving for Reconsideration at the Time of Such Decision.**

Defendant argues that there exists "a material difference in law" because it disagrees with the reasoning of the Court in its July 11, 2016 Order. However, Defendant does not cite any difference or change in the applicable law. Rather, Defendant cites a disagreement with the manner in which the Court applies the law. A disagreement in the reasoning of the Court does not meet the threshold requirement of a Motion for Reconsideration set forth in Local Rule 7-18.

Further, to support its argument, Defendant seems to argue that the requirement that any "material difference in law" should "not have been known to the party moving for reconsideration" after "exercising reasonable diligence" was met merely because Defendant was not aware of the Court's reasoning until after the Court issued its Order. Local Rule 7-18. Plaintiff respectfully submits that Defendant's interpretation of this requirement is grossly incorrect and that Local Rule 7-18 is referring to a lack of knowledge of material differences in controlling applicable law, not merely a lack of knowledge of the Court's reasoning, else the threshold

1  requirement would be rendered meaningless as it would apply to all of the Court's
2  decisions.

3      In the instant matter, there have been no material changes or differences in the
4  applicable law or facts since the case was first filed on October 23, 2015.  Defendant
5  has filed three Motions to Dismiss and has had ample time to present any and all of its
6  arguments.  Further, Defendant cites no change or difference in the law or reasons
7  why Defendant would not have been aware of such material changes or differences in
8  the applicable controlling law.

9      Plaintiff submits that Defendant has not meet the criteria for reconsideration set
10  forth in Local Rule 7-18, and in the interest interests of finality and conservation of
11  judicial resources, Plaintiff respectfully requests that the Court DENY Defendant's
12  Motion for Reconsideration.

    **b. <u>Defendant's Attempt to Present Additional Arguments Only Serves to
13       Further Show That the Court's Was Correct in Concluding that
14       Defendant Was Aware of the Purpose of Amazon's Infringement
15       Allegation Form and the Unlawfulness of Making a False Claim</u>**

16      This dispute evolved into litigation because Defendant used Amazon's seller
17  infringement allegation form to make false claims of intellectual property
18  infringement to unlawfully cause a competitor's product listing to be removed, and
19  then refused retract such false claims despite not being able to identify the legal nature
20  or authority under which Defendant was vested with any valid and enforceable
21  intellectual property rights.

22      Now it appears that Defendant is continuing its intentional pattern of making
23  any statement necessary to both refuse to retract its false claims of infringement and
24  avoid any liability for the damage its false claims of infringement have caused and are
25  continuing to cause.

26      Previously, it appeared as if Defendants were arguing that Defendant's false
27  allegation of infringement were unintentional due to a lack of legal sophistication.
28  (See Declaration of Volvie Brown, ECF Doc. 48).  In fact, the Court found that

**PLAINTIFF'S OPPOSITION TO DEFENDANT WOLVOL'S MOTION
FOR RECONSIDERATION OF ORDER ON MOTION TO MISMISS**-Page 4

WolVol implicitly confirmed that it did not own a valid copyright by arguing that it did not claim the product listings infringed upon any copyright, but rather were in violation of Amazon's Term's of Use. (See Order, ECF Doc 54, page 5).

In contrast, now, because Defendant is disappointed in the reasoning and conclusions of the Court's Order, Defendant, once again, claims to own "intellectual property;" this time claiming it is "derived under common law." (Motion to Reconsider, p.3, line 28- p.4 line 1). This claim, made after reading the Court's decision, supported by no authority or further reasoning appears very convenient, especially considering Defendant's remaining additional arguments make clear that Defendant's counsel is very aware that the Copyright Act of 1976 preempts any common law copyrights.

Further, despite vehemently arguing in its Motion to Dismiss that the DMCA and 17 USC §512(c)(3)(A) did not apply because Defendant's were merely exercising its rights under Amazon's Term's of Use, now, after reading the Court's Order, Defendant is attempting to argue that the DMCA should preempt Plaintiff's remaining cause of action. This conflicting argument is based on now new fact or law and could have been brought by Defendant in its original Motion to Dismiss.

Plaintiff submits that Defendant's attempt to present additional and conflicting arguments only serves to show that Defendant is continuing its pattern of using its unlawful allegations of infringement to its economic advantage and that the Court was correct in concluding that Defendant was aware not only of the purpose of Amazon's infringement allegation form, but of the unlawfulness of making a false claim.

As such, Plaintiff respectfully requests that this Court conclude that the matter has already been thoughtfully considered by this Court and that Defendant has not provided good cause to reopen the matter for reconsideration, and therefore, DENY Defendant's instant motion.

**II. CONCLUSION**

Having demonstrated that Defendant has failed to present any new material differences in fact or law, and that the matter has previously been thoroughly briefed and thoughtfully considered by the Court, and that Defendant's Motion for Reconsideration does not meet the threshold requirements set forth in Local Rule 7-18, and in the interest of finality and conservation of judicial resources, Plaintiff respectfully requests that the Court DENY Defendant's Motion for Reconsideration.

Dated: August 1, 2016

By: _____

Kevin M. Welch, Esq. (SBN 254565)

LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email:Kevin@kmwlawoffice.com
Attorney for Plaintiff,
Sky Billiards, Inc.