UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **15-CV-02182 RGK (KKx)** | Date | August 22, 2016 |
|---|---|---|---|
| Title | ***Sky Billiards, Inc., v. WolVol, Inc., et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Defendant's Motion for Reconsideration (DE 55)**

On July 11, 2016, the Court ruled on Defendant WolVol, Inc.'s ("WolVol") Motion to Dismiss. In so doing, the Court found that Plaintiff Sky Billiard, Inc. ("Plaintiff") failed to state a claim for either violation of the UCL or Declaratory Judgment. Plaintiff did, however, state a claim for intentional interference with prospective economic advantage based on WolVol's violation of 17 U.S.C. § 512(f). WolVol's violation of § 512(f) constituted an intentional wrongful act on the part of WolVol designed to disrupt the economic relationship between Plaintiff and Amazon. Plaintiff also met the other four elements of the intentional interference with prospective economic advantage cause of action.

WolVol now brings a Motion for Reconsideration of the denial of the Motion to Dismiss Plaintiff's claim for intentional interference with prospective economic advantage.

A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Local Rule 7-18 states that a motion for reconsideration may be brought only when:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts

      or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion

C.D. Cal. L.R. 7-18

      WolVol puts forth two theories for why reconsideration of its Motion to dismiss is appropriate. First, WolVol contends that even with the exercise of reasonable diligence, it could not have known that the Court would allow § 512(f) to fulfill the intentional wrongful act element. The Court disagrees, and notes that it was Plaintiff who initially alleged a violation of § 512(f) in its complaint against WolVol, and then reiterated that allegation in its Opposition to WolVol's Motion to Dismiss. Further, WolVol attacked the merits of Plaintiff's § 512(f) claim in its Motion to Dismiss. It is clear that not only could WolVol have been aware of the Court's potential reliance on § 512(f), but it *was* aware of it. Accordingly, the Court **DENIES** WolVol's Motion for Reconsideration on this ground.

      Second, WolVol contends that Plaintiff's state law claim for intentional interference with prospective economic advantage is preempted by the Digital Millennium Copyright Act ("DMCA"). This, however, is not a new material fact or change of law. Instead, WolVol is attempting to bring forth a new argument that it should have included in its original Motion to Dismiss. The purpose of a Rule 59 Motion for Reconsideration is to challenge a ruling based on newly discovered evidence, clearly committed error, or an intervening change in the controlling law. It is not, however, an opportunity for a dissatisfied litigant to introduce new arguments, omitted from its original motion.

      Accordingly, the Court **DENIES** WolVol's Motion for Reconsideration.

    **IT IS SO ORDERED.**

                                                               **:**

                                                     **Initials of Preparer**